UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MATTHEW SKAMFER,

        Petitioner,

        v.                                       Case No. 14-C-0788

WILLIAM POLLARD,

        Respondent.

ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 2), DENYING PETITIONER'S HABEAS PETITION PURSUANT TO RULE 4, DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. 5), DENYING AS MOOT PETITIONER'S MOTION REGARDING JURISDICTIONAL ISSUE AND COUNSEL APPOINTMENT (DOC. 9), DENYING AS MOOT PETITIONER'S MOTION TO CONSOLIDATE CASES (DOC. 10), DISMISSING CASE, AND DENYING CERTIFICATE OF APPEALABILITY

This is the third of five habeas petitions filed by Matthew Skamfer on July 7, 2014; however, this petition challenges his criminal conviction in Dane County Case No. 90-CF-1299 on a charge of battery by a prisoner. Skamfer plead not guilty but was found guilty following a jury trial. The Wisconsin Court of Appeals affirmed the judgment of conviction on April 14, 1993. *State v. Skamfer*, 176 Wis. 2d 304 (Ct. App. 1993). Review was denied by the Wisconsin Court of Appeals on July 20, 1993. Skamfer took no other action respecting the case until 2006 when he filed a petition for writ of habeas corpus in Dodge, Dane, and Dunn Counties, as well as the Wisconsin Court of Appeals.[1] He claims a third state habeas petition was filed in Dodge County on July 2, 2013, and that no case number was assigned. According to Skamfer, a previous federal habeas petition in the Eastern

---

[1] At page 4 of his petition, Skamfer states that he filed a second petition on January 5, 2005, in Dunn County. It is not clear that the petition challenged the Dane County conviction. In any event, he concedes that it was not given a docket number and the alleged filing date is twelve years after the conviction.

District of Wisconsin was dismissed as untimely, but that petition challenged his conviction in Dodge County Case No. 08-CF-37. *Skamfer v. Larson*, Case No. 11-C-285.

As an initial matter, this court is satisfied after reviewing Skamfer's affidavit that he qualifies to proceed in forma pauperis. Nevertheless, it must review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A § 2254 petition has a one year statute of limitations. According to 28 U.S.C. § 2244(d):

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Skamfer is challenging a conviction from February 27, 1992. That conviction became final 90 days after the Wisconsin Supreme Court denied review on July 20, 1993, during which time he could have filed a certiorari petition with the United States Supreme Court. However, because his conviction became final before the enactment of the AEDPA, the limitations period begins to run from April 24, 1996. *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000). Now, 18 years later, Skamfer wants to attack this conviction in federal court. That is no longer available.

The court is mindful that there are circumstances under which the limitations period may be tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). However, by his petition, Skamfer has foreclosed any argument that would form the basis for equitable tolling and he is not asserting actual innocence.

On direct appeal, Skamfer argued that his commitment to a mental institution upon a finding of not guilty by reason of mental disease precluded a finding that he committed battery as a prisoner. The statute provides that "any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employee, visitor or other inmate of such prison or institution, without his or her consent, is guilty of a Class D felony. Wis. Stat. § 942.20(1). At the time of the offense Skamfer was under a commitment order based upon a prior nonresponsibility finding under § 971.17. The Wisconsin Court of Appeals found that, as a matter of state law, his commitment to Mendota Mental Health Institute satisfied the definition of a prisoner and was inextricably tied to his underlying criminal prosecution. *Skamfer*, 176 Wis. 2d at 308-310. Moreover, Skamfer admits that he exhausted his state remedies with respect to this argument and, at the same time, admits that he did not seek further review in the state

3

courts until 1996 – three years after the conviction became final. The next action took place in 2005 or 2006. Hence, it is clear that Skamfer knew the factual predicate for his claims and that he concedes that he could and did proceed as just discussed.

Notably, Skamfer argues that he was held under a commitment order long past the date he recovered. In 1992, he withdrew his plea of not guilty by reason of mental disease or defect and stood on his not guilty plea. The jury found Skamfer guilty. The Wisconsin Court of Appeals determined that withdrawal of the plea was a tacit admission that Skamfer accepted mental responsibility for the charged act. *State v. Skamfer*, 176 Wis. 2d 304 (Ct. App. 1993). Skamfer has since been charged and convicted of at least two other felonies, with the most recent occurring in 2008. Moreover, the basis for his ineffective assistance of appellate counsel argument is that his attorney should have provided medical reports in 1992 to vacate his commitments in 87-CF-5 and 9.

In his pending petition, Skamfer addressed the exhaustion issue and the steps taken to litigate his claims. At page 3 of the petition, he states that he did not seek a petition for certiorari in the United States Supreme Court because Mendota had inadequate law books. Yet Skamfer pursued his direct appeal and had the benefit of counsel. Additionally, he has continued to attack these five criminal cases in various forums over the years while maintaining that he is mentally competent. Currently, Skamfer is incarcerated in Waupun Correctional Institution. The court also notes on page 9 of his petition, Skamfer argues that the one-year limitation period does not apply to void judgments. Consequently, there is no basis for statutory tolling or equitable tolling on the grounds discussed.

Finally, the issue raised by Skamfer at the outset challenges an interpretation of Wisconsin criminal law. The second, ineffective assistance of counsel claim relates to

4

counsel's failure to provide "doctor reports" that would have allowed the Wisconsin appellate court to vacate Skamfer's two 1987 criminal cases. For these reasons, Skamfer needs no encouragement to proceed further on this petition and the court finds no basis for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). Now, therefore,

IT IS ORDERED that Matthew Skamfer's motion for leave to proceed in forma pauperis is granted. (Doc. 2.)

IT IS FURTHER ORDERED that Matthew Skamfer's petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED that Skamfer's motion for appointment of counsel and for a refund of the state filing fee and reconsideration of a Seventh Circuit decision is denied as moot. (Doc. 5)

IT IS FURTHER ORDERED that Skamfer's motion regarding jurisdictional issue and counsel appointment is denied. (Doc. 9)

IT IS FURTHER ORDERED that Skamfer's motion to consolidate cases is denied. (Doc. 10)

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2014.

BY THE COURT
/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE